IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RAYQUAN PETTAWAY,

        Plaintiff,

v.

LEVI EARLY,

        Defendant.

Case No. 22-3022-DDC-JPO

**MEMORANDUM AND ORDER**

On February 3, 2022, pro se[1] plaintiff Rayquan Pettaway filed a *Bivens* action in federal court. Doc. 1. Plaintiff's Complaint asserts three claims against Leavenworth Prison officials Warden D. Hudson and Correctional Officer Levi Early: 1) unsanitary conditions in his cell; 2) denial of proper nutrition because he was fed raw meat; and 3) assault by defendant Early. *Id.* at 3–4; *see also* Doc. 4 (Suppl. Compl.) (detailing the alleged assault by defendant Early, a separate occurrence of delayed medical care, and witnesses to alleged harassment by defendant Early after the assault). On March 1, 2022, Judge Sam A. Crow issued a Screening Order under 28 U.S.C. § 1915(a)–(b) screening the Complaint for frivolous or malicious claims, claims that failed to state a claim under which the court can grant relief, or claims seeking damages from a defendant immune to suit. *See* Doc. 7 at 4. Judge Crow's Order dismissed defendant D. Hudson for lack of participation in the alleged infraction. *Id.* at 6–8. The court also found deficiencies in all of plaintiff's claims. *Id.* at 8–12. The court granted plaintiff a 30-day leave to file an amended complaint curing all deficiencies. *Id.* at 15–17.

---

[1]       People in prison "who proceed pro se . . . are entitled to liberal construction of their filings[.]" *Toevs v. Reid*, 685 F.3d 903, 911 (10th Cir. 2012); *see also Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Plaintiff filed an Amended Complaint on March 30, 2022, against defendant Early, asserting *Bivens* claims of cruel and unusual punishment and use of excessive force. Doc. 8 at 2–3. Plaintiff asserts that, on January 11, 2022, defendant Early grabbed plaintiff and slammed him to the ground. *Id.* While plaintiff lay on the ground, plaintiff claims, defendant placed his foot on plaintiff's head and his knee on plaintiff's back. *Id.* at 3. Plaintiff also asserts that defendant Early bragged to other inmates about assaulting plaintiff. *Id.* at 3–4.

On September 9, 2022, defendant filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. Doc. 16. Plaintiff's case was reassigned to the undersigned District Judge on November 9, 2022. Doc. 22. Plaintiff responded to defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment on December 23, 2022. Doc. 23. Defendant replied to plaintiff's response on January 6, 2023. Doc. 24. For reasons discussed below, the court grants defendant's Motion to Dismiss. Alternatively, the court concludes, even if defendant didn't deserve to prevail on the Motion to Dismiss, the court would grant summary judgment against all of plaintiff's claims.

**I.      Motion to Dismiss**

Plaintiff alleges two *Bivens* claims in violation of the Eighth Amendment: 1) cruel and unusual punishment; and 2) excessive use of force. *See* Doc. 8 at 2–4. Defendant asserts that the court should dismiss plaintiff's claim for a lack of remedy under the *Bivens* standard. Doc. 17. The court addresses defendant's Rule 12(b)(6) dismissal arguments, below.

**A.      Rule 12(b)(6) Standard**

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although this Rule "does not require 'detailed factual allegations,'" it demands more than "[a] pleading that

offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Under this standard, 'the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.'" *Carter v. United States*, 667 F. Supp. 2d 1259, 1262 (D. Kan. 2009) (quoting *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007)). On a motion to dismiss, the court assumes that a complaint's factual allegations are true, but need not accept mere legal conclusions as true. *Id.* at 1263. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not enough to state a claim for relief. *Iqbal*, 556 U.S. at 678.

1. ***Bivens* Standard**

In 1971, the Supreme Court created a federal remedy for Fourth Amendment violations when a plaintiff "can demonstrate an injury consequent upon the violation . . . of his Fourth Amendment rights[.]" *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971). Since *Bivens* recognized an implied private right of action for damages against federal officials who violate a citizen's Fourth Amendment rights, the Supreme Court has extended *Bivens* only to reach "deliberate indifference" of a prisoner's medical needs under the Eighth Amendment, and Fifth Amendment Equal Protection claims for gender

discrimination. *Ingram v. Faruque*, 728 F.3d 1239, 1243 (10th Cir. 2013) (first citing *Davis v. Passman*, 442 U.S. 228 (1979); then citing *Carlson v. Green*, 446 U.S. 14 (1980)).

"[E]xpanding the *Bivens* remedy is now considered a 'disfavored' judicial activity." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1848 (2017) (quoting *Iqbal*, 556 U.S. at 675). Indeed, the Supreme Court has "consistently refused to extend *Bivens* liability to any new context[.]" *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 68 (2001). The courts "have recognized that Congress is best positioned to evaluate 'whether, and the extent to which, monetary and other liabilities should be imposed upon individual officers and employees of the Federal Government' based on constitutional torts." *Hernandez v. Mesa*, 140 S. Ct. 735, 742 (2020) (quoting *Ziglar*, 137 S. Ct. at 1856). A recent Supreme Court decision cautioned lower courts that they "expand *Bivens* claims at their own peril." *Silva v. United States*, 45 F.4th 1134, 1136 (10th Cir. 2022) (citing *Egbert v. Boule*, 142 S. Ct. 1793 (2022)).

When determining whether to expand the *Bivens* remedy, the Supreme Court has identified two steps. First, the case must "present[ ] 'a new *Bivens* context'—*i.e.*, is it 'meaningful[ly]' different from the three cases in which the Court has implied a damages action." *Egbert*, 142 S. Ct. at 1803 (quoting *Ziglar*, 137 S. Ct. at 1859–60). Second the court must consider "'special factors' 'Indicating that the Judiciary is at least arguably less equipped than Congress to 'weigh the costs and benefits of allowing a damages action to proceed.'" *Id.* (quoting *Ziglar*, 137 S. Ct. at 1858). The Tenth Circuit has taken this to mean that *Bivens* expansion "is an action that is impermissible in virtually all circumstances." *Silva*, 45 F.4th at 1140. "[A] plaintiff cannot justify a *Bivens* extension based on 'parallel circumstances' with *Bivens*, *Passman*, or *Carlson* unless he also satisfies the 'analytic framework' prescribed by

4

the last four decades of intervening case law." *Egbert*, 142 S. Ct. at 1808 (quoting *Ziglar*, 137 S. Ct. at 1859).

Also, and independent of these restraints, a legislative remedial structure may foreclose a *Bivens* remedy if "Congress or the Executive has created a remedial process that it finds sufficient to secure an adequate level of deterrence[.]" *Egbert*, 142 S. Ct. at 1807. The courts may not second guess the effectiveness of Congress's chosen remedy or the rights afforded plaintiff in the regulation because "the question . . . is a legislative determination that must be left to Congress, not the federal courts[.]" *Id.* When Congress has "explicitly declared" the regulation "to be a *substitute* for recovery directly under the Constitution" the courts must not extend a *Bivens* remedy to the aggrieved plaintiff. *Carlson*, 446 U.S. at 18 (first citing *Bivens*, 403 U.S. at 397; then citing *Davis*, 442 U.S. at 245–47).

### 2. Plaintiff's *Bivens* Claim Here is Foreclosed by an Alternative Remedy

The Prison Litigation Reform Act of 1995 ("PLRA") requires prison inmates to exhaust all available administrative remedies before commencing a *Bivens* action. *See* 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 525 (2002). If an inmate fails to pursue a claim through the entire administrative remedy process, that claim is subject to dismissal. *Watson v. Evans*, No. 13-cv-3035-EFM, 2014 WL 7246800, at *4 (D. Kan. Dec. 17, 2014) (citing *Jones v. Bock*, 549 U.S. 199, 211 (2007)).

The Tenth Circuit recently affirmed Congress's intent for inmates to resolve their grievances through the BOP's Administrative Remedial Program ("ARP"). *See Silva*, 45 F.4th 1134. Denying plaintiff's claim for relief, the Tenth Circuit noted that Congress had established the BOP's ARP as a remedy for prisoners seeking relief from cruel and unusual punishment and excessive force. *Silva*, 45 F.4th at 1141. The courts have concluded repeatedly the ARP is an

5

effective alternative remedy for prisoners asserting a *Bivens* claim and has independently foreclosed most *Bivens* remedies as a result. *See, e.g.*, *Malesko*, 534 U.S. at 74; *Egbert*, 142 S. Ct. at 1806; *Magallanes-Robledo v. B.O.P. Pers. of Psychology*, No. 01-1169, 2001 WL 1781900, at *1 (10th Cir. July 9, 2001).

Here, the presence of a legislative scheme that affords an extrajudicial remedy independently forecloses plaintiff's claims. His Amended Complaint concedes that the ARP was available to him but he did not file a claim before initiating this suit. *See* Doc. 8 at 5. Because Congress has mandated the ARP as the primary remedy for alleged constitutional violations, it has foreclosed plaintiff's *Bivens* claim. *Egbert*, 142 S. Ct. at 1806. This court has no authority to sidestep Congress's intended "means through which allegedly unconstitutional actions and policies can be brought to the attention of the BOP[.]" *Malesko*, 534 U.S. at 74. Plaintiff's proper course of action in this case was to file a claim under the ARP to secure relief. So, this court dismisses plaintiff's claim under Rule 12(b)(6).

## II.    Summary Judgment Standard

Even if defendant did not deserve dismissal of plaintiff's claim under 12(b)(6), the court still would grant summary judgment against his claim.

Summary judgment is appropriate if the moving party demonstrates that "no genuine dispute" exists about "any material fact" and that it is "entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When it applies this standard, the court "view[s] the evidence and make[s] inferences in the light most favorable to the non-movant." *Nahno-Lopez v. Houser*, 625 F.3d 1279, 1283 (10th Cir. 2010) (citing *Oldenkamp v. United Am. Ins. Co.*, 619 F.3d 1243, 1245–46 (10th Cir. 2010)).

"An issue of fact is 'genuine' 'if the evidence is such that a reasonable jury could return a verdict for the non-moving party' on the issue." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)); *see also In re Urethane Antitrust Litig.*, 913 F. Supp. 2d 1145, 1150 (D. Kan. 2012) ("An issue of fact is genuine if the evidence allows a reasonable jury to resolve the issue either way." (citation and internal quotation marks omitted)). "An issue of fact is 'material' 'if under the substantive law it is essential to the proper disposition of the claim' or defense." *Nahno-Lopez*, 625 F.3d at 1283 (quoting *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Anderson*, 477 U.S. at 248)); *see also Anderson*, 477 U.S. at 248 (explaining a material issue of fact is one that "affect[s] the outcome of the suit under the governing law").

The moving party bears "'both the initial burden of production on a motion for summary judgment and the burden of establishing that summary judgment is appropriate as a matter of law.'" *Kannady v. City of Kiowa*, 590 F.3d 1161, 1169 (10th Cir. 2010) (quoting *Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 979 (10th Cir. 2002)). To meet this burden, the moving party "'need not negate the non-movant's claim, but need only point to an absence of evidence to support the non-movant's claim.'" *Id.* (quoting *Sigmon v. CommunityCare HMO, Inc.*, 234 F.3d 1121, 1125 (10th Cir. 2000)); *see also In re Urethane Antitrust Litig.*, 913 F. Supp. 2d at 1150 (explaining that "a movant that does not bear the ultimate burden of persuasion at trial need not negate the other party's claim; rather, the movant need simply point out to the court a lack of evidence for the other party on an essential element of that party's claim" (citation omitted)).

If the moving party satisfies this initial burden, the non-moving party "'may not rest on its pleadings, but must bring forward specific facts showing a genuine issue for trial as to those

7

dispositive matters for which it carries the burden of proof.'" *Kannady*, 590 F.3d at 1169 (quoting *Jenkins v. Wood*, 81 F.3d 988, 990 (10th Cir. 1996)); *see also Celotex Corp.*, 477 U.S. at 324; *Anderson*, 477 U.S. at 248–49. "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Adler*, 144 F.3d at 671 (citing *Thomas v. Wichita Coca-Cola Bottling Co.*, 968 F.2d 1022, 1024 (10th Cir.), *cert. denied*, 506 U.S. 1013 (1992)); *see also Celotex Corp.*, 477 U.S. at 324 (explaining the nonmovant must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial" (citations and internal quotation marks omitted)). When deciding whether the parties have shouldered their summary judgment burdens, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

Finally, summary judgment is not a "disfavored procedural shortcut." *Celotex Corp.*, 477 U.S. at 327. Instead, it is an important procedure "designed 'to secure the just, speedy and inexpensive determination of every action.'" *Id.* (quoting Fed. R. Civ. P. 1). "The very purpose of a summary judgment action is to determine whether trial is necessary." *White v. York Int'l Corp.*, 45 F.3d 357, 360 (10th Cir. 1995).

### A. Undisputed Summary Judgment Facts

The following facts are uncontroverted for purposes of the summary judgment motion or, where genuinely controverted, are viewed in the light most favorable to plaintiff—the party opposing summary judgment.[2] *Scott v. Harris*, 550 U.S. 372, 378 (2007).

---

[2] Plaintiff's response to defendant's summary judgment motion fails to controvert defendant's statements of fact. Defendant sent plaintiff a Notice to Pro Se Litigant Who Opposes Summary Judgment explaining the summary judgment procedure to plaintiff under Rule 56(c) of the Federal Rules of Civil Procedure and D. Kan. Rule 56.1. *See* Doc 18. The notice warned plaintiff that if he failed to respond

Plaintiff alleges defendant Early assaulted him on January 11, 2022. *See* Doc. 8 at 2 (Am. Compl.). Plaintiff did not submit a request to the Warden under the BOP's Administrative Remedy Program about the alleged assault. Doc. 8 at 5 (conceding that he did not file a grievance); *see also* Doc. 17-1 (Degenhardt Decl.) (showing no claim filed for this incident). Plaintiff's only grievance on file comes from on an unrelated incident on July 27, 2022. Doc. 17 at 6 (Def.'s Mem. in Supp. ¶ 10); Doc. 17-1 at 8 (Degenhardt Decl.).

### B.      Plaintiff Did Not Exhaust His Administrative Remedies

The administrative remedy process available to inmates in federal custody is the BOP's Administrative Remedy Program ("ARP") under the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(a); 28 C.F.R. § 542.10(a). Under ARP, an inmate first must present the issue to staff for informal resolution. 28 C.F.R. § 542.13. If unsuccessful at that stage, the inmate then may submit a formal written remedy request to the Warden. § 542.14. An inmate has 20 days from the date of the incident to submit a request to the Warden. § 542.14(a). If the Warden's response doesn't satisfy the inmate's request, the inmate may appeal to the appropriate Regional Director, and then finally to the Director, National Inmate Appeals in the Bureau of Prison's Office of the General Counsel. § 542.15(a). Where an inmate reasonably believes an issue is a sensitive one and would endanger his safety or well-being if its substance were widely known, the inmate may submit his initial request directly to the Regional Manager instead of the Warden. § 542.14(d)(1). The Regional Manager may accept the request or may advise the prisoner to initiate the remedy process at the local level. *Id.*

---

and provide evidence disputing defendant's statement of facts, "the court may accept defendant's facts as true." *Id.* at 2. Because plaintiff's response fails to controvert defendant's statement of uncontroverted facts, the court properly can deem the facts admitted. *See Conley v. Pryor*, No. 11-3200-DDC-KGS, 2015 WL 413638, at *6 (D. Kan. Jan. 30, 2015); *see also Shigo v. Clark*, No. 21-2079-DDC, 2022 WL 2966320, at *4 (D. Kan. July 27, 2022). It does so here.

Under the PLRA, a prison litigant must exhaust his administrative remedies before bringing his claims to court. *Booth v. Churner*, 532 U.S. 731, 733–34 (2001). PLRA maintains this exhaustion requirement "to eliminate unwarranted federal-court interference with the administration of prisons, and . . . to 'affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.'" *Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (citing *Porter v. Nussle*, 534 U.S. 516, 525 (2002)). Exhaustion is mandated only for "available" remedies. *Tuckel v. Grover*, 660 F.3d 1249, 1252 (10th Cir. 2011). Thus, a prisoner's failure to exhaust a remedy because of attempts by prison officials to "prevent, thwart, or hinder a prisoner's efforts to avail himself of an administrative remedy" render a remedy "unavailable" under the PLRA. *Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010). Also, exhaustion is an affirmative defense that defendants must raise. *Bock*, 549 U.S. at 216. "Because exhaustion is an affirmative defense, the defendants must first show that the plaintiff failed to file a grievance or exhaust his remedies." *Brown v. Kochanowski*, No. 07-3062-SAC, 2012 WL 4127959, at *8 (D. Kan. Sept. 19, 2012).

Defendant here has asserted the exhaustion defense. Doc. 17 at 9–12. Also, defendant has established that plaintiff failed to exhaust his administrative remedies. *See* Doc 17-1 at 7–8 (Decl. of H. Degenhardt). Plaintiff concedes that the ARP was available to him, but he did not file a claim in this instance. *See* Doc. 8 at 5. Indeed, plaintiff argues he asked for grievances from the prison, but he received no forms. *Id.* Plaintiff offers no proof to substantiate his claims; in fact, plaintiff filed a grievance asserting a tort claim based on his stolen MP3 player around the same time of the alleged incident with defendant, and later filed another complaint under the ARP six months later for an incident unrelated to this one. *See* Doc. 8 at 5; Doc 17-1 at 7–8 (Decl. of H. Degenhardt) (showing complaints initiated by plaintiff). "Allegations

10

without the substantiation of admissible evidence do not create a material issue of fact that would prevent summary judgment on the availability and exhaustion of administrative remedies." *Brown*, 2012 WL 4127959, at *7. Thus, the court would grant summary judgment to defendant because the uncontroverted facts—even when viewed in plaintiff's favor—establish that plaintiff failed to exhaust his administrative remedies. Also, plaintiff has failed to provide an adequate showing of unavailability. These shortcomings warrant judgment as a matter of law.

## III.  Conclusion

In sum, the availability of a regulatory mandate for relief under the PLRA independently forecloses plaintiff's *Bivens* claims of excessive force and cruel and unusual punishment under Fed. R. Civ. P. 12(b)(6). Alternatively, this court grants defendant summary judgment because the undisputed facts establish that plaintiff has failed to exhaust his remedies and has failed to show that remedies were unavailable to him.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Levi Early's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (Doc. 16) is granted. The court dismisses plaintiff's *Bivens* claims of excessive force and cruel and unusual punishment in violation of the Eighth Amendment with prejudice.

**IT IS SO ORDERED**.

**Dated this 8th day of March, 2023, at Kansas City, Kansas.**

> s/ Daniel D. Crabtree
> Daniel D. Crabtree
> United States District Judge